**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000138**
**31-OCT-2022**
**07:56 AM**
**Dkt. 125 SO**

NO. CAAP-18-0000138

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ANNETTE M. KELEPOLO, Plaintiff/Counterclaim Defendant-Appellee,
v.
GRACIANO KEHOPU FERNANDEZ, NANCY FERNANDEZ,
GRACE LYN W. FERNANDEZ-CHISHOLM, DAMIEN K. KAINA, JR.,
FRANK I. KAINA, JOSEPH T. KAINA, PATRICK KAINA,
and TAMARA SMITH-KAUKINI, Defendants/Counterclaimants-Appellants,
and
JOHN DOES 1-5 and JANE DOES 1-5, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CC161000453 )

**SUMMARY DISPOSITION ORDER**
(By:  Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendants/Counterclaimants-Appellants Graciano Kehopu
Fernandez, Nancy Fernandez, Grace Lyn W. Fernandez-Chisholm,
Damien K. Kaina, Jr., Frank I. Kaina, Joseph T. Kaina, Patrick
Kaina, and Tamara Smith-Kaukini (collectively, the **Kaina Family**)
appealed from the Judgment in favor of Plaintiff/Counterclaim
Defendant-Appellee Annette M. **Kelepolo** entered by the Circuit
Court of the Second Circuit on November 22, 2017,[1] which was
amended by the **Amended Final Judgment** entered by the circuit
court on December 17, 2018, after a temporary remand.  For the
reasons explained below, we vacate in part the Amended Final

---

[1]    The Honorable Rhonda I.L. Loo presided.

Judgment, vacate in part the "Findings of Fact, Conclusions of Law and Order Granting [Kelepolo]'s Motion for Summary Judgment" (**Order Granting Summary Judgment**) entered on November 22, 2017, and remand for further proceedings.

This case involves disputed ownership of real property located in Hāna, Maui (the **Property**). On August 18, 2016, Kelepolo filed a complaint against the Kaina Family in circuit court. The complaint alleged: Kelepolo owned the Property under a **Deed**; the Kaina Family claimed that they own, or had an interest in, the Property; and some of the Kaina Family were occupying the Property without paying rent or the water bill and were trespassing on the Property. Kelepolo claimed summary possession, ejectment, trespass, unjust enrichment, quiet title, and adverse possession.

The Kaina Family answered and counterclaimed. The counterclaim alleged: the Kaina Family have an ownership interest in the Property either pursuant to the will of the Property's owner or under intestate succession; the Deed (under which Kelepolo claimed ownership of the Property) was a forgery or was procured by fraud; and the Kaina Family adversely possessed the Property.

Kelepolo filed a motion for summary judgment. The Kaina Family filed a memorandum in opposition. Kelepolo filed a reply memorandum. The Kaina Family moved to strike Kelepolo's reply. The motion for summary judgment was heard on October 3, 2017. The circuit court orally granted the motion. On November 22, 2017, the court entered the Order Granting Summary Judgment and a judgment. On February 8, 2018, the court entered an order striking Kelepolo's reply brief but otherwise reaffirming the grant of summary judgment.

After the Kaina Family filed a notice of appeal, we temporarily remanded this case for entry of an appealable judgment. In the Amended Final Judgment, judgment was entered in favor of Kelepolo and against the Kaina Family on Kelepolo's claims for summary possession, ejectment, and quiet title.

Kelepolo's claims for trespass, unjust enrichment, and adverse possession were dismissed. The Kaina Family's counterclaims were also dismissed.

The Kaina Family raises five points on appeal: **(1)** the circuit court erred by granting summary judgment because there were genuine issues of material fact about the validity of the Deed; **(2)** the circuit court erred by denying the Kaina Family's request for a Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 56(f) continuance; **(3)** the circuit court erred by ruling that the statute of limitation on the Kaina Family's claim for, or defense based on, fraud had expired; **(4)** the circuit court erred by granting summary judgment on Kelepolo's claim for adverse possession; and **(5)** "the circuit court erred by signing scripted findings of fact and conclusions of law[.]"

We review a circuit court's grant or denial of summary judgment de novo using the same standard applied by the circuit court. Nozawa v. Operating Engineers Local Union No. 3, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018). Our consideration of the record is limited to those materials that were considered by the circuit court in ruling on the motion. Kondaur Cap. Corp. v. Matsuyoshi, 134 Hawaiʻi 342, 350, 341 P.3d 548, 556 (2014).

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Nozawa, 142 Hawaiʻi at 342, 418 P.3d at 1198. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. Id. The evidence must be viewed in the light most favorable to the non-moving parties. Id.

**(1)** Kelepolo's motion for summary judgment was supported by her affidavit and several exhibits. The proffered evidence showed: the Property was conveyed by the Deed from Frank M. Kaina to Alexander Kaina and Kelepolo, as joint tenants

with full rights of survivorship; the Deed was signed by Josephine **Helekahi**,[2] as attorney-in-fact for Frank M. Kaina, on February 13, 2007, before notary Lisa **Mahuna**; Frank M. Kaina had given a power of attorney to Helekahi on August 24, 1998; Mahuna's notary book showed that Helekahi had signed a deed on February 13, 2007; Alexander Kaina died on May 10, 2015; and a preliminary report by First American Title Company, dated June 3, 2016, showed title to the Property vested in Kelepolo.

The Kaina Family opposed Kelepolo's motion by arguing that there were genuine issues of material fact concerning the validity of the Deed. They submitted an affidavit signed by Helekahi on June 1, 2016. In it, Helekahi denied signing the Deed; denied that the signature on the Deed was her signature; denied appearing before a notary public on February 13, 2007; and denied that the signature in Mahuna's notary book was her signature. The Kaina Family also submitted a declaration from Joanna Paman, the person who notarized Helekahi's June 1, 2016 affidavit, stating that Helekahi signed the affidavit after confirming "that she was signing it at [sic] her free will[.]"

Kelepolo — apparently anticipating the Kaina Family's reliance upon Helekahi's June 1, 2016 affidavit — submitted the transcript of Helekahi's deposition taken on May 26, 2017, with her moving papers. Helekahi was 86 years old at the time. She testified about the Deed:

> Q    I'm going to show you what I've marked as Exhibit 2.
>
> Do you recognize that document?
>
> A    What is this for?
>
> Q    This is what I've marked. This says "Quitclaim Deed." Okay?
>
> Have you ever seen this document before?
>
> A    (Witness shakes head from side to side.)

---

[2]    In the Deed, Helekahi's name is typed as "Helekuhi" on both the signature line and the jurat; however, her affidavit and deposition transcript spell her name "Helekahi."

Q      Never?

A      No.

Q      This is the first time you've seen it?

A      Yeah.

Q      Okay.  Are you sure?

A      Yeah.  I didn't know about that.

Q      Okay.  And the reason why I ask is because on this last page, is that your signature?

A      That is my signature, yes.

Q      Okay.  And this is dated the 13th of February of 2007; is that correct?

A      I don't know.

Q      But that is your signature?

A      That was in the hospital, I think this thing all happened.

Q      This happened in the hospital?

A      Mm-hmm.

Q      Okay.  Do you remember what happened in the hospital?

A      No, but I think all these things must have -- I don't know what happened.  But this is my signature.

Q      Okay. This is your signature?

A      Yeah.

Q      And as far as you remember, you signed this in the hospital?

A      Yeah.

Q      Around the time of when Frank passed?

A      Yeah.

Later in the deposition, however, Helekahi contradicted herself:

Q      I wanted to go back to the situation at the Maui Memorial Hospital the day when Frank Kaina died.

A      The day he died?

Q      Yes.  February 13th, 2007.

A      Yeah.

5

Q    Did anybody ask you to sign any documents on that day?

A    No, not that I know of.

Q    Okay.  All right.

A    Because when he died, after that, we all came home.

When shown a copy of the June 1, 2016 affidavit (in which Helekahi denied signing the Deed), Helekahi testified:

Q    I've marked this as Exhibit 4.  Have you ever seen this document before?

A    Wow, I don't know this.  I never heard of that.

That's my signature?  That's not my writing.

Q    Okay.  So you don't remember seeing this document before?

A    No.

Q    That kind of looks like your signature?

A    That's not my signature.

Q    That's not your signature?

A    Compare that one to this one.

Q    Okay.  So this doesn't look like --

A    Because look at the "J" and the "S" and the "E" and the "T."  This is not, yeah.

Q    That's not your signature?

A    Mm-mm.

Q    Okay.  But you've never seen this before?

A    I beg your pardon?

Q    You don't remember ever seeing this document before?

A    No.  That's why I was just looking at it.  And I never see this before.

Q    Okay.

A    No.  We didn't get the mother's name, the father's name.  I don't know that, no.

Q    Okay.  So you didn't sign this affidavit?

A    No, I didn't.

6

Viewed in the light most favorable to the Kaina Family, there was conflicting evidence before the circuit court about whether Helekahi signed the Deed, thereby transferring title to the Property to Alexander Kaina and Kelepolo. Therefore, there was a genuine issue of material fact concerning Kelepolo's ownership of the Property, and Kelepolo was not entitled to summary judgment on her affirmative claims based on ownership of the Property.

The circuit court struck Kelepolo's reply memorandum to the extent that it argued that the statute of limitations for fraud barred the Kaina Family's assertion of fraud, which was raised both as a defense to Kelepolo's complaint and as part of the Kaina Family's counterclaim. Therefore, issues concerning the statute of limitations for fraud are not properly before this court, and we do not reach them.

The circuit court otherwise concluded that there was a lack of admissible evidence sufficient to create a genuine issue of material fact to support a claim or defense of fraud. However, viewed in the light most favorable to the non-moving parties, there was some evidence that the Deed transferring title to Alexander Kaina and Kelepolo may have been procured by fraud. Therefore, there was a genuine issue of material fact concerning the Kaina Family's defense and counterclaim based on alleged fraud.

The Kaina Family failed to raise a genuine issue of material fact in support of their counterclaim for adverse possession. Therefore, the circuit court did not err in granting summary judgment in favor of Kelepolo as to this claim.

**(2)** Because we rule that the circuit court erred by granting summary judgment on the validity of the Deed, we need not decide whether the circuit court erred by denying the Kaina Family's HRCP Rule 56(f) request for a continuance.

**(3)** In its February 8, 2018 order, the circuit court stated that, even without considering Kelepolo's argument concerning the issue of the statute of limitations, which the

7

circuit court determined had been improperly raised for the first time in a reply memorandum, Kelepolo was nevertheless entitled to summary judgment. The circuit court thereby modified its ruling on summary judgment and ultimately did not grant summary judgment in favor of Kelepolo based on the statute of limitations for fraud. Therefore, the Kaina Family is not entitled to relief based on their third point of error.

(4) The Kaina Family contends that the record on appeal was not sufficiently developed to adjudicate claims for adverse possession, particularly Kelepolo's claim (which was presented in the alternative) that the application of certain principles of adverse possession support her ownership notwithstanding any discrepancies in the chain of title. Kelepolo agrees that, based on the circuit court's ruling on the issue of ownership, her adverse possession claim is moot. However, we are vacating that ruling and remanding for further proceedings. Accordingly, the circuit court's adjudication of Kelepolo's claim based on adverse possession is vacated, without prejudice to further proceedings on remand.

However, the Kaina Family's own claim for adverse possession, as set forth in their counterclaim, was properly raised in Kelepolo's motion for summary judgment. There was no genuine issue of material fact raised in opposition thereto, and the Kaina Family presents no discernible argument on appeal in support of their counterclaim for adverse possession. Therefore, we conclude that, to the extent that it addressed the Kaina Family's counterclaim for adverse possession, the circuit court did not err in granting summary judgment in favor of Kelepolo.

(5) The Kaina Family's briefs present no discernible argument to support their contention that "the circuit court erred by signing scripted findings of fact and conclusions of law[.]" The point is waived.

For the foregoing reasons, the circuit court's November 22, 2017 Judgment and December 17, 2018 Amended Judgment are vacated. The November 22, 2017 Order Granting Summary

Judgment is affirmed with respect to the entry of summary judgment on the Kaina Family's counterclaim for adverse possession, but vacated in all other respects.  This case is remanded to the circuit court for further proceedings.

DATED:  Honolulu, Hawaiʻi, October 31, 2022.

On the briefs:

F. Steven Pang,
John Winnicki,
for Defendants/Counter-
claimants-Appellants.

Matson Kelley,
Alex Wilkins,
for Plaintiff/Counterclaim
Defendant-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge